Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Victoria Niemi

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA NIEMI, an Individual;<br><br>   Plaintiff,<br><br>   vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC., a business entity, form unknown and DOES 1-10, Inclusive,<br><br>   Defendants. | Case No.:   2:15-cv-08238<br><br>**COMPLAINT FOR DAMAGES:**<br><br>VIOLATION OF THE FAIR CREDIT REPORTING ACT<br><br>**JURY TRIAL DEMANDED.** |

Plaintiff alleges:

   1. Plaintiff VICTORIA NIEMI ("Plaintiff") is a resident of Carlsbad, State of California.

   2. Defendants EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") is a business entity, form unknown, doing business in the State of California as a credit bureau which receives negative credit information about consumers and which then publish such information in credit reports available to its subscribers.

3. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as a credit reporting agency, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection.  DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure.  Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said Officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said Officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

　　　　d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

　　　　e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

　　　　f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

　　　　5. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

///
///

# FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. EQUIFAX is a credit bureau defendant who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about November 2010, Plaintiff discovered that she was erroneously named in a small claims law suit resulting in a judgment appearing on her credit profile. Plaintiff filed a request to remove her name from the judgment.

9. On or about November January 9, 2010, the court granted Plaintiff's request to remove her name from the judgment.

10. On or about March 4, 2015, Plaintiff submitted dispute letters to Experian, Transunion and EQUIFAX advising that a judgment was incorrectly added to her credit profile. Plaintiff sent a copy of the Case Summary indicating Plaintiff's name should be removed from the case.  Only non-parties Experian and Transunion promptly removed the judgment from Plaintiff's credit profile.

11. On or about March 16, 2015, EQUIFAX responded to Plaintiff with their investigation results, which was "judgment information has been verified and updated to report satisfied/released.

12. On or about March 31, 2015, Plaintiff filed a complaint with the Consumer Financial Protection Bureau (CFPB) stating that EQUIFAX was erroneously reporting a public record judgment on her credit profile. Plaintiff provided court records stating that the judgment should be removed to aid them in their investigation. Plaintiff's desired resolution was that EQUIFAX delete the incorrect judgment from Plaintiff's credit profile. CFPB sent a copy of this

complaint to EQUIFAX for a resolution.  EQUIFAX responded by verifying that the civil judgment was correct and would remain on Plaintiff's credit profile.

13. On or about June 2, 2015, Plaintiff filed a consumer complaint against EQUIFAX with the Office of the Attorney General, Kamala D. Harris Consumer Complaint Office. Plaintiff requested that EQUIFAX investigate and promptly remove the civil judgment erroneously appearing on her EQUIFAX credit profile.

14. On or about June 30, 2015, EQUIFAX responded to the Attorney General's Office request for investigation. Fran Graham, Sr. Consumer Relations Specialist for EQUIFAX stated that the civil judgment was verified and reporting correctly.

15. EQUIFAX's continued willful reporting of incorrect information on Plaintiff's credit profile has caused severe distress, has damaged her credit, and has prevented Plaintiff from purchasing a home.

16.  Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from her credit report.  Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

17.  Within the past two years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the

incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

  d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants.

  18.  As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial.  As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

  19. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts.  Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed.  These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid.  These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

  WHEREFORE, Plaintiff prays for judgment as follows:

  1. For general and special damages according to proof at trial;

  2. For statutory penalties for each separate statutory violation where allowed by statute;

  3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;

5. For costs of suit;

6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: October 15th, 2015        **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**

By: */s/ Robert F. Brennan*
Robert F. Brennan
Attorney for Plaintiff

---

COMPLAINT FOR DAMAGES
7